CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 655-6000
Michael Friedman
David T. B. Audley
Eric S. Silvestri

*Counsel to AYH Wind Down LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
:
In re:                                              :      Chapter 11
:
**ALL YEAR HOLDINGS LIMITED,**                      :      Case No. 21-12051 (MG)
:
Debtor.                                             :
:
:
---------------------------------------------------------------X
**AYH WIND DOWN LLC**, through Ofer Tzur and        :
Amir Flamer, solely in their joint capacity as      :
Claims Administrator                                :
:
Plaintiff,                                          :
:
YOEL SILBERSTEIN,                                   :      Adversary No.
:
Defendant.                                          :
:
---------------------------------------------------------------X

## ADVERSARY COMPLAINT

AYH Wind Down LLC ("**Wind-Down Co**"), through Ofer Tzur and Amir Flamer jointly as Claims Administrator, respectfully shows and alleges as follows:

### PRELIMINARY STATEMENT

Following confirmation of the *Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited* [ECF No. 289] (the "**Plan**"), and pursuant to the *Findings of Fact,*

*Conclusions of Law, and Order Confirming Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited* [ECF No. 352] (the **"Confirmation Order"**), certain of All Year Holdings Limited's (the **"Debtor")** claims vested with Wind-Down Co. The Claims Administrator (as defined below) is vested with power and authority to pursue those claims on behalf of Wind-Down Co. This lawsuit is one such claim, specifically a breach of promissory note action.

### Parties, Jurisdiction, and Venue

1. The Plaintiff in this matter is Wind-Down Co, which, as alleged further below, possesses certain of the Debtor's claims following reorganization under the Plan.

2. This claim is brought on behalf of Wind-Down Co by Ofer Tzur and Amir Flamer solely in their joint capacity as Claims Administrator on behalf of Wind-Down Co (the "**Claims Administrator**") pursuant to the Plan and that certain Plan Administration Agreement (**"the Plan Administration Agreement")**.

3. Under the Plan Administration Agreement, which was executed in conjunction with the effectiveness of the Plan, Ofer Tzur and Amir Flamer were jointly appointed Claims Administrator. Specifically, the Plan Administration Agreement states:

> The Administrators hereby (a) accept their respective appointments as the Plan Administrator and the Claims Administrator as of the Effective Date, and (b) agree to observe and perform all duties and obligations imposed upon each of the Administrators under this Agreement, the Plan and the Confirmation Order, and other orders of the Bankruptcy Court as made expressly applicable to the Plan Administrator and the Claims Administrator, as applicable, after notice to the Plan Administrator or the Claims Administrator, as applicable, and a hearing thereon, and applicable law.

4. The Plan Administration Agreement further vests in the Claims Administrator complete authority to "control and exercise authority over the Avoidance Actions and Causes of

Action vested in Wind-Down Co pursuant to the Plan, and over the litigation, management and disposition thereof."

5. The Plan implements a transaction between the Debtor and Paragraph Partners LLC (the "**Sponsor**"), pursuant to that certain Investment Agreement dated March 11, 2022, as amended (the "**Investment Agreement**"). Under the Investment Agreement, the Sponsor acquired the Transferred Entities (as defined in the Investment Agreement) but left behind all Excluded Assets (as defined in the Confirmation Order), which instead vested in Wind-Down Co on the Effective Date to be administered for the benefit of creditors by the Plan Administrator.[1]

6. Under Section 1.42 of the Plan, those Excluded Assets included:

> (b) any and all claims and Causes of Action, whether known or unknown, contingent, liquidated or disputed, that the Debtor, the Noteholders, or the Notes Trustee **may have against any third-parties**, including, but not limited to, any current or prior officer, director, advisor, representative, consultant, or shareholder of the Debtor (subject to the releases provided in Section 7.02 of the Plan Investment Agreement), other than any claims and Causes of Action that the Debtor may have with respect to whether or not Yoel Goldman or Tzipporah Goldman have any ownership interests in any of the Transferred Entities (as defined in the Plan Investment Agreement), which shall be retained by the Reorganized Debtor and the Reorganized Debtor shall be authorized to assert any and all claims arising under any applicable law to recover any properties or property interests listed on the Schedule of Transferred Entities.

*See* Plan § 1.42 (emphasis added).

7. Accordingly, on the Effective Date of the Plan, the Debtor's claims against third parties, with one narrow exception not relevant to this matter, became the property of Wind-Down Co, as administered by the Claims Administrator.

---

[1] "Plan Administrator" as defined in the Plan includes the Claims Administrator. *See* Plan § 1.74.

8. Defendant Yoel Silberstein ("**Mr. Silberstein**" or the **"Defendant"**) is an individual who, upon information and belief, resides in this District.

9. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001(1).

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Amended Standing Order of Reference M-431, dated January 31, 2023 (Preska, C.J.) and the Court's retention of jurisdiction pursuant to Section 11.1(i) of the Plan and paragraph 27 of the Confirmation Order. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

11. Venue before the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL ALLEGATIONS**

12. On March 21, 2018, Mr. Silberstein executed a promissory note in the principal amount of $3,350,000 (the "**Note**") in favor of Debtor. A true and correct copy of the Note is attached hereto as Exhibit A.

13. On or about March 21, 2018, and pursuant to the Note, the Debtor distributed $3,350,000 to Mr. Silberstein or an entity he controlled.

14. By its terms, the Note matured on March 30, 2019, with interest computed at an annualized rate of sixteen percent. *See* Ex. A.

15. On March 30, 2022, Debtor, through its attorneys, issued written demand to Mr. Silberstein that he remit the full amount owed under the Note to the Debtor. A true and correct copy of that demand letter is attached hereto as Exhibit B.

16. As of the March 30, 2022 demand, the amount of debt owed was calculated as $5,538,666.67, consisting of $3,350,000 of outstanding principal and $2,188,666.67 in outstanding interest. *See* Ex. B.

17. Interest has continued to accrue since the March 30, 2022 demand, and, as of September 7, 2023, the amount owed under the Note is no less than $6,321,822.22, consisting of $3,350,000 of outstanding principal and $2,971,822.22 in outstanding interest.

### COUNT I – BREACH OF PROMISSORY NOTE

18. For paragraph 18 of Count I of his Complaint, Wind-Down Co, through the Claims Administrator, incorporates herein by reference paragraphs 1-17 as above though fully set forth herein.

19. The Note is a valid and existing contract duly executed by the Defendant, Mr. Silberstein.

20. The Note contained an unequivocal and unconditional promise by Mr. Silberstein to repay the principal and interest amounts on or before the maturity date of March 30, 2019. *See* Ex. A.

21. Pursuant to the unequivocal terms of the Note, Mr. Silberstein waived any and all requirements of "presentment, notice of dishonor, protest and notice of protest." *See* Ex. A.

22. Mr. Silberstein has failed to pay the sums due under the Note.

WHEREFORE, Plaintiff WIND-DOWN CO, through the Claims Administrator, prays that this Court enter judgment against Defendant YOEL SILBERSTEIN and requests:

(a) damages not less than $6,321,822.22, as well as all past, present, and future accrued and accruing interest, and post-judgment interest;

(b) an award in favor of Plaintiff for its attorneys' fees and costs;

(c) any further relief that this Court deems just and proper.

Pg 6 of 6

Dated: September 19, 2023
      New York, New York

/s/ *Michael Friedman*
CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 655-6000
Michael Friedman
David T. B. Audley
Eric S. Silvestri

*Counsel to the Plaintiff*