Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE POSNER LLP
488 Madison Avenue, 23rd Floor
New York, New York 10022
Tel: (212) 868-1010
paloe@kudmanlaw.com
dsaponara@kudmanlaw.com

*Counsel for Defendant Yoel Silberstein*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ALL YEAR HOLDINGS LIMITED,<br><br>          Debtor. | Chapter 11<br><br>Case No. 21-12051-mg |
| AYH WIND DOWN LLC, through Ofer Tzur and Amir Flamer, solely in their joint Capacity as Claims Administrator,<br><br>          Plaintiff,<br><br>-against-<br><br>YOEL SILBERSTEIN,<br><br>          Defendant. | Adv. Pro. No. 23-01180-mg<br><br>**ANSWER TO ADVERSARY COMPLAINT** |

Defendant Yoel Silberstein, by his attorneys, Kudman Trachten Aloe Posner LLP, answers the adversary complaint of AYH Wind Down LLC as follows:

**PRELIMINARY STATEMENT**

Defendant denies the allegations contained in the Preliminary Statement, except admits that the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited* [ECF No. 352] and respectfully refers the Court to the Confirmation Order for a complete and accurate recitation of its terms.

## PARTIES, JURISDICTION, AND VENUE

1. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and respectfully refers the Court to the Plan for a complete and accurate recitation of its terms.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent that paragraph 2 states factual allegations, defendant denies having knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers the Court to the Plan and the Plan Administration Agreement for complete and accurate recitations of their terms.

3. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and respectfully refers the Court to the Plan Administration Agreement for a complete and accurate recitation of its terms.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent that paragraph 4 states factual allegations, defendant denies having knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers the Court to the Plan Administration Agreement for a complete and accurate recitation of its terms.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent that paragraph 5 states factual allegations, defendant denies having knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers the Court to the Plan, the Investment Agreement, and the Confirmation Order for complete and accurate recitations of their terms.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent that paragraph 6 states factual allegations, defendant denies having knowledge or information

sufficient to form a belief as to the truth of those allegations and respectfully refers the Court to the Plan for a complete and accurate recitations of its terms.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent that paragraph 7 states factual allegations, defendant denies having knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers the Court to the Plan for a complete and accurate recitations of its terms.

8. Defendant admits that he is an individual and denies the remainder of the allegations contained in paragraph 8.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent that paragraph 9 states factual allegations, defendant denies the allegations.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent that paragraph 10 states factual allegations, defendant denies the allegations.

11. Paragraph 11 states a legal conclusion to which no response is required. To the extent that paragraph 11 states factual allegations, defendant admits the allegations.

## FACTUAL ALLEGATIONS

12. Defendant denies the allegations contained in paragraph 12 and respectfully refers the Court to the Note for a complete and accurate recitation of its terms.

13. Defendant denies the allegations contained in paragraph 13 and respectfully refers the Court to the Note for a complete and accurate recitation of its terms.

14. Defendant denies the allegations contained in paragraph 14 and respectfully refers the Court to the Note for a complete and accurate recitation of its terms.

15. Defendant denies the allegations contained in paragraph 15 and respectfully refers the Court to the demand letter for a complete and accurate recitation of its contents.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

## COUNT I – BREACH OF PROMISSORY NOTE

18. Defendant restates and incorporates his responses to the preceding allegations referenced in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20 and respectfully refers the Court to the Note for a complete and accurate recitation of its terms.

21. Defendant denies the allegations contained in paragraph 21 and respectfully refers the Court to the Note for a complete and accurate recitation of its terms.

22. Defendant denies the allegations contained in paragraph 22.

## FIRST AFFIRMATIVE DEFENSE
### (Subject Matter Jurisdiction)

23. The Court lacks subject matter jurisdiction over the claim alleged in the adversary complaint.

## SECOND AFFIRMATIVE DEFENSE
### (Standing)

24. Plaintiff lacks standing to maintain the claim alleged against defendant.

## THIRD AFFIRMATIVE DEFENSE
### (Release)

25. Plaintiff's claim is barred by a release.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

26. Plaintiff fails to state a claim against defendant upon which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**
**(Consent)**

27. Plaintiff's claim is in whole or in part because of ratification, agreement, acquiescence, waiver, or consent.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Attorneys' Fees or Costs)**

28. Plaintiff fails to state a claim against defendant upon which attorneys' fees or costs can be awarded.

**JURY TRIAL DEMAND**

29. Defendant demands a trial by jury on all issues in this action.

**FED. R. BANKR. P. 7008 STATEMENT**

30. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, defendant does not consent to entry of final orders or judgments by the bankruptcy court.

**WHEREFORE**, defendant demand judgment in his favor as follows:

a) dismissing the adversary complaint with prejudice;

b) awarding reasonable attorneys' fees, costs, disbursements, and expenses; and

c) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 20, 2023

By: _____
Paul H. Aloe
David Saponara
KUDMAN TRACHTEN ALOE POSNER LLP
488 Madison Avenue, 23rd Floor
New York, New York 10022
Tel: (212) 868-1010
paloe@kudmanlaw.com
dsaponara@kudmanlaw.com

*Counsel for Defendant Yoel Silberstein*