**KTAP**  KUDMAN • TRACHTEN • ALOE • POSNER LLP

───────────────────── Attorneys at Law ─────────────────────

David N. Saponara • Direct (212) 868-1887 • dsaponara@kudmanlaw.com

April 23, 2024

**VIA ECF ONLY**
Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, New York 10004

      Re:    *AYH Wind Down LLC v. Silberstein*
               Adv. Pro. No. 23-01180-mg

Dear Chief Judge Glenn:

      We represent defendant Yoel Silberstein in this adversary proceeding. In advance of the pre-motion conference scheduled for April 25 at 10:00 a.m., we respectfully submit this letter in response to the letter submitted by counsel for plaintiff AYH Wind Down LLC on April 16 concerning plaintiff's proposed motion for summary judgment [Docket Nos. 16–17]. The Court should not allow plaintiff's proposed summary judgment motion for several reasons.

      Plaintiff's request for permission to move for summary judgment is premature because plaintiff is seeking to move for summary judgment on claims for which it has not yet obtained the Court's leave to assert in this adversary proceeding. On April 6, plaintiff moved for leave to amend its complaint to allege four new claim fraudulent transfer claims in addition to the original breach of promissory note claim [Docket Nos. 19–20]. The motion is not scheduled to be heard until May 13 [Docket No. 21]. Defendant's opposition to that motion (due by April 26) will detail how plaintiff's proposed claims are undermined by undisputed documents and corroborating testimony from defendant and non-party Yoel Goldman, which show that defendant gave up his multi-million dollar claims against All Year Holdings Limited (the "Debtor") in exchange for the Debtor releasing the promissory note that plaintiff seeks to enforce in this action. Even assuming that plaintiff were granted leave to amend its complaint, its attack on the release sets up, at the very least, a triable issue of fact, which under *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), would require the issue to be tried before a jury (assuming the matter was not arbitrable).

      Separate from the lack of merit of plaintiff's proposed amended pleading, defendant has a motion pending in the district court (S.D.N.Y. Case No. 1:24-cv-00800-JHR) to (1) withdraw the reference of this adversary proceeding and (2) compel arbitration pursuant to a prepetition agreement between defendant and the Debtor. Defendant filed his motion on February 1, it was fully briefed on March 15, and the parties are waiting for the district court to decide the motion. To date, defendant has not sought to stay any portion of this adversary proceeding based on his pending motion. Defendant timely provided plaintiff all the documents and testimony that plaintiff requested on the schedule that the Court established in the Case Management & Scheduling Order #1 [Docket No. 11]. Plaintiff, on the other hand, requested at the eleventh hour to extend the fact discovery deadline [Docket No. 17], and after discovery closed sought leave to amend its complaint, recognizing that its promissory note claim fails based on the release in defendant's

KUDMAN • TRACHTEN • ALOE • POSNER LLP
Chief Judge Martin Glenn
April 23, 2024
Page | 2

favor. Now plaintiff is seeking to have this Court address the merits of the controversy by seeking leave to move for summary judgment. This is inappropriate for two reasons.

*First*, defendant's motion to withdraw the reference addresses which court should hear the matter and as such should be decided first. This Court has already determined in a separate adversary proceeding that plaintiff brought against a different defendant seeking to enforce a nearly identical note that the claim was non-core and that the Court could at most enter proposed findings of fact and conclusions of law. *See AYH Wind Down LLC v. Engelman*, No. 21-12051 (MG), 2024 WL 1460157 (Bankr. S.D.N.Y. Apr. 3, 2024). This adversary proceeding is similarly non-core, preventing the Court from granting plaintiff summary judgment and entering a final judgment. *See In re TS Emp., Inc.*, 641 B.R. 753, 760 n.12 (Bankr. S.D.N.Y. 2022). Even if the Court grants plaintiff leave to assert its proposed fraudulent transfer claims, this Court still could not finally adjudicate this adversary proceeding because defendant never filed a proof of claim in the Debtor's bankruptcy case. *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 37–40 (2014); *In re Lyondell Chem. Co.*, 467 B.R. 712, 719–23 (S.D.N.Y. 2012); *In re Swift Air, LLC*, No. 2:12-BK-14362-DPC, 2019 WL 1266100, at *5 (Bankr. D. Ariz. Mar. 15, 2019). Moreover, unlike in *Engelman*, here defendant timely demanded a jury trial on all issues in his answer filed on October 20, 2023 [Docket No. 10], and therefore preserved his rights under the Seventh Amendment and 28 U.S.C. § 157(e) for the jury trial to proceed in the district court.

*Second*, and more fundamentally, it is inappropriate for any court to reach the merits of an arbitrable controversy. Defendant will be irreparably harmed by the Court rendering a substantive, merits-based decision on any portion of plaintiff's claims because it will deprive him of his contractual right to have those matters decided in arbitration. *See, e.g.*, *Nat'l Union Fire Ins. Co. v. Advanced Micro Devices, Inc.*, No. 16-CV-5699 (JGK), 2016 WL 4204066, at *5 (S.D.N.Y. Aug. 4, 2016) ("[I]t is well established that losing the ability to enforce an arbitration agreement is a form of irreparable harm."). Additionally, in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), the United States Supreme Court held that proceedings in a district court must be stayed if there is an appeal from the denial of motion to compel arbitration. The Supreme Court held that such a stay is mandatory and automatic. Here, defendant's motion to compel arbitration has not even been decided. Perforce, a stay of proceedings seeking to finally adjudicate the merits is required here.

Defendant has carefully proceeded in this adversary proceeding to strike a balance between not delaying the case and preserving his right to have the matter decided in the contractually designated arbitral forum. To that end, defendant has not sought discovery from plaintiff, and he is not seeking leave to make his own summary judgment motion based on the valid and enforceable prepetition release that he received from the Debtor, because doing so would be inconsistent with his right to arbitration, which he will continue to take steps to preserve. At the same time, however, defendant timely provided all requested discovery to plaintiff. Deciding a summary judgment motion at this time would upset that balance and prejudice defendant by depriving him of his right to have this case adjudicated in the district court or arbitration. Moreover, as practical matter, it is a waste of this Court's time and resources to consider the parties' briefing on issues for which it lacks final adjudicatory authority and that ultimately may not be decided in any court.

We appreciate the Court's attention to this mater.

KUDMAN • TRACHTEN • ALOE • POSNER LLP
Chief Judge Martin Glenn
April 23, 2024
Page | 3

Respectfully submitted,

David N. Saponara

cc:    Plaintiff's Counsel (via ECF only)