

**KUDMAN • TRACHTEN • ALOE • POSNER** LLP

———————————— Attorneys at Law ————————————

David N. Saponara • Direct (212) 868-1887 • dsaponara@kudmanlaw.com

April 26, 2024

**VIA ECF ONLY**
Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, New York 10004

      Re:    *AYH Wind Down LLC v. Silberstein*
              Adv. Pro. No. 23-01180-mg

Dear Chief Judge Glenn:

      We represent defendant Yoel Silberstein in this adversary proceeding. We write today with respect to plaintiff AYH Wind Down LLC's motion for leave to amend its complaint to allege four new fraudulent transfer claims relating to a prepetition release that defendant produced to plaintiff with his initial discovery disclosures in mid-November 2023 (ECF Nos. 19–20).

      Defendant contends that plaintiff's proposed fraudulent transfer claims are baseless because the allegations upon which plaintiffs' new claims are predicated are contradicted by undisputed documents and testimony developed during discovery. In particular, the November 2015 agreement between defendant and the Debtor (which plaintiff completely ignores in the proposed amended complaint) details the valuable services that defendant performed and the specific remuneration that the Debtor was contractually obligated to provide defendant in exchange for those services—i.e., 10% interests in the limited liability companies that owned the three properties at issue or specified payments in lieu of equity totaling $6,675,000 for the three properties. The deposition testimony that plaintiff obtained from defendant and non-party Yoel Goldman confirmed the accuracy of the November 2015 agreement's recitation of defendant's efforts and the obligations that the Debtor owed to defendant. Defendant and Goldman further testified that the promissory note that plaintiff seeks to enforce in this adversary proceeding was structured as an interim partial payment of the amounts owed to defendant under the November 2015 agreement pending defendant's receipt of the equity interests he was entitled to receive from the Debtor, which the Debtor never provided. In October 2020, to resolve the ongoing dispute concerning defendant's demands that he receive the payments and/or equity interests owed to him under the November 2015 agreement, the parties entered into an agreement providing that the Debtor would forgive the promissory note in exchange for Defendant releasing his claims against the Debtor under the November 2015 agreement, which totaled more than $6 million. Discovery has not adduced any evidence that would support plaintiff's proposed amendment.

      Notwithstanding the proposed amendment's lack of merit, based on the Court's comments on the record during the April 25 pre-motion conference relating to plaintiff's proposed summary judgment motion, defendant had decided not to submit opposition to plaintiff's motion for leave to amend. As discussed during the conference, defendant will have an opportunity to answer plaintiff's amended complaint, and the parties will revisit the need for further discovery after plaintiff updates its Rule 26(a) disclosures based on the amended complaint.

KUDMAN • TRACHTEN • ALOE • POSNER LLP
Chief Judge Martin Glenn
April 26, 2024
Page | 2

      In the meantime, defendant has already requested that the district court expedite a hearing or decision on defendant's motion to withdraw the reference and compel arbitration, which was fully briefed on March 15. Defendant reiterates its position that the parties should not proceed to any merits-based adjudication of plaintiffs' claims in this Court while the motion remains pending in the district court given the non-core nature of the proceeding, defendant's lack of consent to this Court's final adjudication of plaintiff's claims, and defendant's asserted contractual right to have to have the matter resolved in arbitration. To be clear, beyond plaintiff filing the amended complaint, defendant filing his answer, plaintiff updating its Rule 26(a) disclosures, and the parties discussing the possible need for further discovery, defendant requests that there be no further proceedings pending the district court's ruling on defendant's motion.

      Respectfully submitted,

David N. Saponara

cc:    Plaintiff's Counsel (via ECF only)