Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE POSNER LLP
488 Madison Avenue, 23rd Floor
New York, New York 10022
Tel: (212) 868-1010
paloe@kudmanlaw.com
dsaponara@kudmanlaw.com

*Counsel for Defendant Yoel Silberstein*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ALL YEAR HOLDINGS LIMITED,<br><br>                                           Debtor. | Chapter 11<br><br>Case No. 21-12051-mg |
| AYH WIND DOWN LLC, through Ofer Tzur and Amir Flamer, solely in their joint Capacity as Claims Administrator,<br><br>                                           Plaintiff,<br><br>                                  -against-<br><br>YOEL SILBERSTEIN,<br><br>                                         Defendant. | Adv. Pro. No. 23-01180-mg<br><br>**ANSWER TO AMENDED ADVERSARY COMPLAINT** |

Defendant Yoel Silberstein, by his attorneys, Kudman Trachten Aloe Posner LLP, answers the amended adversary complaint of plaintiff AYH Wind Down LLC as follows:

**PRELIMINARY STATEMENT**

Defendant denies the allegations contained in the Preliminary Statement, except admits that the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited* [ECF No. 352] and respectfully refers the Court to the Confirmation Order for a complete and accurate recitation of its terms.

## PARTIES, JURISDICTION, AND VENUE

1. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and respectfully refers the Court to the Plan for a complete and accurate recitation of its terms.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent that paragraph 2 states factual allegations, defendant denies having knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers the Court to the Plan and the Plan Administration Agreement for complete and accurate recitations of their terms.

3. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and respectfully refers the Court to the Plan Administration Agreement for a complete and accurate recitation of its terms.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent that paragraph 4 states factual allegations, defendant denies having knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers the Court to the Plan Administration Agreement for a complete and accurate recitation of its terms.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent that paragraph 5 states factual allegations, defendant denies having knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers the Court to the Plan, the Investment Agreement, and the Confirmation Order for complete and accurate recitations of their terms.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent that paragraph 6 states factual allegations, defendant denies having knowledge or information

sufficient to form a belief as to the truth of those allegations and respectfully refers the Court to the Plan for a complete and accurate recitations of its terms.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent that paragraph 7 states factual allegations, defendant denies having knowledge or information sufficient to form a belief as to the truth of those allegations and respectfully refers the Court to the Plan for a complete and accurate recitations of its terms.

8. Defendant admits that he is an individual and denies the remainder of the allegations contained in paragraph 8.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent that paragraph 9 states factual allegations, defendant denies the allegations.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent that paragraph 10 states factual allegations, defendant denies the allegations.

11. Paragraph 11 states a legal conclusion to which no response is required. To the extent that paragraph 11 states factual allegations, defendant admits the allegations.

## FACTUAL ALLEGATIONS

12. Defendant denies the allegations contained in paragraph 12 and respectfully refers the Court to the Note for a complete and accurate recitation of its terms.

13. Defendant denies the allegations contained in paragraph 13 and respectfully refers the Court to the Note for a complete and accurate recitation of its terms.

14. Defendant denies the allegations contained in paragraph 14 and respectfully refers the Court to the Note for a complete and accurate recitation of its terms.

15. Defendant denies the allegations contained in paragraph 15 and respectfully refers the Court to the demand letter for a complete and accurate recitation of its contents.

16. Defendant denies the allegations contained in paragraph 16.

17.  Defendant denies the allegations contained in paragraph 17.

## COUNT I – BREACH OF PROMISSORY NOTE

18.  Defendant restates and incorporates his responses to the preceding allegations referenced in paragraph 18.

19.  Defendant denies the allegations contained in paragraph 19.

20.  Defendant denies the allegations contained in paragraph 20 and respectfully refers the Court to the Note for a complete and accurate recitation of its terms.

21.  Defendant denies the allegations contained in paragraph 21 and respectfully refers the Court to the Note for a complete and accurate recitation of its terms.

22.  Defendant denies the allegations contained in paragraph 22.

## COUNT II – CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a)(1)(B)

### (Release and October 1, 2020 Agreement)

23.  Defendant restates and incorporates his responses to the preceding allegations referenced in paragraph 23.

24.  Defendant denies the allegations contained in paragraph 24, except admits that Yoel Goldman executed the October 1, 2020 Agreement on behalf of the Debtor and respectfully refers the Court to the October 1, 2020 Agreement for a complete and accurate recitation of its terms.

25.  Defendant denies the allegations contained in paragraph 25 and respectfully refers the Court to the October 1, 2020 Agreement for a complete and accurate recitation of its terms.

26.  Defendant denies the allegations contained in paragraph 26 and respectfully refers the Court to the October 1, 2020 Agreement for a complete and accurate recitation of its terms.

27.  Defendant denies the allegations contained in paragraph 27 and respectfully refers the Court to the October 1, 2020 Agreement for a complete and accurate recitation of its terms.

28. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30, except admits that he met Mr. Goldman in Yeshiva in or around 1997 and that they became close friends.

31. Defendant admits the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32, except admits that he and Mr. Goldman worked together on certain real estate projects.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37, except admits that the Debtor released him of his payment obligations under the Note and respectfully refers the Court to the October 1, 2020 Agreement for a complete and accurate recitation of its terms.

38. Defendant denies the allegations contained in paragraph 38, except admits that Mr. Goldman executed the Release on behalf of the Debtor and respectfully refers the Court to the Release for a complete and accurate recitation of its terms.

39. Defendant denies the allegations contained in paragraph 39, except admits that he was released from his obligations under the Note by the terms of the Release and respectfully refers the Court to the Note and the Release for complete and accurate recitations of their terms.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51 and respectfully refers the Court to the Note for a complete and accurate recitation of its terms.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

## COUNT III – ACTUAL FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a)(1)(A)

### (Release and October 1, 2020 Agreement)

59. Defendant restates and incorporates his responses to the preceding allegations referenced in paragraph 59.

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64.

65. Defendant denies the allegations contained in paragraph 65.

66. Defendant denies the allegations contained in paragraph 66.

67. Defendant denies the allegations contained in paragraph 67.

68. Defendant denies the allegations contained in paragraph 68.

**COUNT IV – FRAUDULENT TRANSFER UNDER N.Y. DEBTOR & CREDITOR LAW § 273**

**(Release and October 1, 2020 Agreement)**

69. Defendant restates and incorporates his responses to the preceding allegations referenced in paragraph 69.

70. Defendant denies the allegations contained in paragraph 70.

71. Defendant denies the allegations contained in paragraph 71.

72. Defendant denies the allegations contained in paragraph 72.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant denies the allegations contained in paragraph 75.

76. Defendant denies the allegations contained in paragraph 77.

**IN THE ALTERNATIVE, COUNT V**

**FRAUDULENT TRANSFER UNDER N.Y. DEBTOR & CREDITOR LAW § 273**

**(The Note)**

77. Defendant restates and incorporates his responses to the preceding allegations referenced in paragraph 77.

78. Paragraph 78 states plaintiff's intention to assert an alternative claim. To the extent that paragraph 78 states factual allegations, defendant denies the allegations.

79. Defendant denies the allegations contained in paragraph 79, except admits that he was making demands on Mr. Goldman in his capacity as the sole shareholder and representative of the Debtor for the Debtor to perform its obligations to defendant under the parties' agreement.

80. Defendant denies the allegations contained in paragraph 80.

81. Defendant denies the allegations contained in paragraph 81.

82. Defendant denies the allegations contained in paragraph 82.

83. Defendant denies the allegations contained in paragraph 83.

84. Defendant denies the allegations contained in paragraph 84.

85. Defendant denies the allegations contained in paragraph 85.

86. Defendant denies the allegations contained in paragraph 86.

87. Defendant denies the allegations contained in paragraph 87.

88. Defendant denies the allegations contained in paragraph 88, except admits that he did not respond to the letter and communicated with Mr. Goldman concerning the letter.

### FIRST DEFENSE
### (Subject Matter Jurisdiction)

89. The Court lacks subject matter jurisdiction over the claims alleged in the adversary complaint.

### SECOND DEFENSE
### (Standing)

90. Plaintiff lacks standing to maintain the claims alleged against defendant.

### THIRD DEFENSE
### (Release)

91. Plaintiff's claims are barred by a release.

## FOURTH DEFENSE
### (Failure to State a Claim)

92. Plaintiff fails to state a claim against defendant upon which relief can be granted.

## FIFTH DEFENSE
### (Consent)

93. Plaintiff's claims are barred in whole or in part because of ratification, agreement, acquiescence, waiver, or consent.

## SIXTH DEFENSE
### (Fair Consideration)

94. Plaintiff's claims are barred in whole or in part because the alleged transfers were made for fair consideration.

## SEVENTH DEFENSE
### (Reasonably Equivalent Value)

95. Plaintiff's claims are barred in whole or in part because the alleged transfers were made in exchange for reasonably equivalent value and in good faith.

## EIGHTH DEFENSE
### (No Insolvency)

96. Plaintiff's claims are barred in whole or in part because the Debtor was not insolvent when the alleged transfers were made.

## NINTH DEFENSE
### (No Intent)

97. Plaintiff's claims are barred in whole or in part because the alleged transfers were not made with actual intent to hinder, delay, or defraud any creditor.

## TENTH DEFENSE
### (Good Faith)

98. Plaintiff's claims are barred because defendant all times acted in good faith and with reasonable grounds for believing that he had not violated any federal, state, or local law or any orders of the Court.

## ELEVENTH DEFENSE
### (Statute of Limitations)

99. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## TWELFTH DEFENSE
### (No Attorneys' Fees or Costs)

100. Plaintiff fails to state a claim against defendant upon which attorneys' fees or costs can be awarded.

## RESERVATION OF RIGHTS

101. Defendant has not knowingly or intentionally waived any applicable defenses, and he reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Defendant reserves the right to amend or seek to amend his answer and/or defenses.

## JURY TRIAL DEMAND

102. Defendant demands a trial by jury on all issues in this action.

## FED. R. BANKR. P. 7008 STATEMENT

103. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, defendant does not consent to entry of final orders or judgments by the bankruptcy court.

**WHEREFORE**, defendant demand judgment in his favor as follows:

a) dismissing the amended adversary complaint with prejudice;

b) awarding reasonable attorneys' fees, costs, disbursements, and expenses; and

c) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 17, 2024

By: _____
Paul H. Aloe
David Saponara
KUDMAN TRACHTEN ALOE POSNER LLP
488 Madison Avenue, 23rd Floor
New York, New York 10022
Tel: (212) 868-1010
paloe@kudmanlaw.com
dsaponara@kudmanlaw.com

*Counsel for Defendant Yoel Silberstein*