

| | Eric S. Silvestri | **Chapman and Cutler** LLP |
|---|---|---|
| | Partner | 320 South Canal Street, 27th Floor |
| | | Chicago, Illinois  60606 |

June 19, 2024

Chief Judge Martin Glenn
U.S. Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: *AYH Wind Down LLC v. Yoel Silberstein*, Adversary Proceeding No. 23-01180-mg

Dear Judge Glenn:

      We are counsel to Plaintiff AYH Wind Down LLC (*"Plaintiff"*).  We write to request the Court schedule, under Local Rule 7056-1(a), a pre-motion conference for leave to file a summary judgment motion.  Plaintiff had earlier requested such a conference, which was held on April 25, 2024, but at that time the Court pointed out that it had not yet approved of the filing of Plaintiff's Amended Complaint [ECF No. 27].  Now, with Amended Complaint having been approved and filed, with Defendant having filed his Answer [ECF No. 28], and with Plaintiff having served its Amended Initial Disclosures, Plaintiff is renewing its request for a pre-motion conference. Plaintiff notes that it is available anytime on June 20, 21 and 24.  Lead counsel for the Plaintiff is leaving the country on the evening of June 24 and so respectfully requests a pre-motion conference be scheduled prior to that time.

      Plaintiff's primary claim against Defendant Yoel Silberstein (*"Mr. Silberstein"*) is for breach of a promissory note.  Following discovery it is clear that the essential elements of that claim are undisputed.  Mr. Silberstein confirmed he signed the $3,350,000 million note (the *"Note"*).  He confirmed the bank account that received the Debtor's funds was his, and there is no dispute that he has not repaid the Note.  The damages under the Note are a simple matter of arithmetic, requiring no more than the rote application of the interest rate.  These undisputed facts were further confirmed during the deposition of Mr. Yoel Goldman (*"Mr. Goldman"*), the the sole shareholder of the Debtor at the time the Note was issued. Accordingly, this case is well-suited for summary judgment, if only to resolve Plaintiff's *prima facie* case for breach of contract as there is no dispute of material fact surrounding any of the elements to that claim.  But beyond that, summary judgment is the right procedural mechanism to resolve what has emerged as Mr. Silberstein's only defense to his contractual obligations.

      Mr. Silberstein produced two documents he contends released him from his obligations under the Note.  The first is an agreement from October 2020 (a month before the Debtor would default on on $850 million in bonds) signed by Mr. Goldman that purports to release Mr. Silberstein.  The second document is a purported "Release of Obligations" that accompanied the October 2020 agreement.  During his deposition, Mr. Silberstein claimed that the Note was subject



to unwritten terms that he would only have to repay the $3,350,000 if Mr. Goldman did not deliver to him equity interests in real estate projects the two were working on together.  However, as a matter of law, the Note **cannot** contain unwritten terms as that violates New York's statute of frauds, which prohibits oral modification of a note that states it cannot be orally modified (as the Note does). N.Y. GEN. OBLIG. LAW § 15-301.

Summary judgment is also appropriate on the matter of the purported "release," which is the focus of Plaintiff's Amended Complaint.  Specifically, Plaintiff alleges that this release is void as either a constructive or an actual fraud.  Messrs. Silberstein and Goldman each confirmed that the release represented a transaction in which the Debtor gave up a multi-million dollar claim so that Mr. Goldman could protect himself and his close personal friend, Mr. Silberstein.  According to Mr. Goldman, who has asserted his Fifth Amendment rights in response to almost every question concerning the Debtor *except* when coming to Mr. Silberstein's defense,[1] Mr. Silberstein was entitled to millions for work on certain real estate projects dating back to 2012, and so Mr. Goldman released Mr. Silberstein from the Note in exchange for a release of those obligations. Mr. Silberstein told the exact same story.  However, any obligations owed to Mr. Silberstein were clearly due from Mr. Goldman *personally*.  This is true both because the real estate projects began before the Debtor even existed, and because the two men repeatedly confirmed that they conceived of their business as being between themselves on an individual-to-individual basis.

Accordingly, when the Debtor "released" Mr. Silberstein, it was doing so to benefit two men:  (1) Mr. Silberstein, who would then be free of his million-dollar repayment obligations, and (2) Mr. Goldman, who would then be free of claims his friend had against him.  But the Debtor itself received *nothing* in return.  Thus, the "release" is a textbook fraudulent transfer under both 11 U.S.C. § 548 and New York Debtor & Creditor Law § 273.  As to constructive fraud, Plaintiff produced in its Amended Initial Disclosures documents from the Debtor's auditors that independently verify it was insolvent or about to become insolvent at the time Mr. Goldman issued the "release."  Defendant, through counsel, has indicated he will not be seeking additional discovery regarding Plaintiff's Amended Initial Disclosures.

On February 1, 2024, Defendant filed a motion in the District Court for the Southern District of New York to withdraw the bankruptcy reference.  *See All Year Holdings Limited et al v. Silberstein*, Case No. 24-00800.  The withdrawal motion was fully briefed on March 15, 2024. No hearing has been scheduled for that motion, which is before District Court Judge Rearden.

In view of the foregoing, Plaintiff submits that its claims against Defendant are ripe for summary judgment—either in this Court (if the reference is not withdrawn) or in the District Court (if the reference is withdrawn)—and respectfully requests this Court schedule a pre-motion conference, and thereafter grant the Plaintiff leave to file a motion for summary judgment.

---

[1]  Mr. Goldman asserted his Fifth Amendment right to refuse to answer a few questions during his deposition in this matter, and then nearly uniformly throughout his examination taken pursuant to Federal Rule of Bankruptcy Procedure 2004 in a separate matter that Plaintiff is independently pursuing, and that is being overseen by this Court.



                                                CHAPMAN AND CUTLER LLP

                                    By: _____
                                                Eric S. Silvestri
                                         Attorney for AYH Wind Down LLC