

**Eric S. Silvestri**
Partner

**Chapman and Cutler LLP**
320 South Canal Street, 27th Floor
Chicago, Illinois 60606

July 5, 2024

Chief Judge Martin Glenn
U.S. Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: *AYH Wind Down LLC v. Yoel Silberstein*, Adversary Proceeding No. 23-01180-mg

Dear Judge Glenn:

We are counsel to Plaintiff AYH Wind Down LLC (*"Plaintiff"*). We write to respond to the letter filed by Defendant Yoel Silberstein (*"Defendant"*) [ECF No. 31] in connection with the pre-motion conference currently scheduled for July 10, 2024. None of Defendant's arguments, some newly discovered and others more familiar, mitigate against the prudence and economy of summary judgment briefing.

First, Defendant's pending motion to withdraw the reference is irrelevant, particularly where Defendant has not requested a stay despite months in which to do so. In absence of such a request, the Bankruptcy Rules are clear that the case is to proceed apace. *See* FED. R. BANKR. P. 5011(c). Even assuming Plaintiff's fraudulent transfer claims are outside the Court's power to issue final orders, proceeding expeditiously before a Bankruptcy Court well-versed in the surrounding context is oftentimes the preferable, more efficient route. *See In re Residential Cap., LLC*, No. 12-12020 MG, 2015 WL 739829, at *7 (S.D.N.Y. Feb. 20, 2015) ("Withdrawal is not merited, however, solely because of the constitutional and statutory limitations placed on bankruptcy courts in "non-core" cases. . . . That Judge Glenn has set an aggressive schedule for pre-trial discovery proceedings only enhances the efficiencies associated with leaving this case before the Bankruptcy Court.").

Second, this is equally true of Defendant's motion for arbitration—if Defendant desires to stay these proceedings he has to actually make that request and demonstrate good cause. Defendant's argument that a stay is "mandatory and automatic," which has never been asserted in these proceedings until yesterday, is, more importantly, wrong. Under the Federal Arbitration Act a stay of proceedings must be preceded by an arbitrability determination and then must be "on application of one of the parties." 9 U.S.C. § 3. Neither is true here, and Defendant's analogy to a stay pending an appeal of a denial of a motion to compel arbitration is inapplicable.

Third, Defendant's newfound standing argument (also not asserted until yesterday) fails and in any event does not present a factual obstacle to summary judgment briefing. As this Court



is aware, and as alleged in the Amended Complaint, the Plan[1] vests the Plaintiff with "any and all claims and Causes of Action, whether known or unknown, contingent, liquidated or disputed, that the Debtor . . . may have against any third-parties." Plan § 1.42; Am. Complaint ¶¶ 5–7. As alleged in the Amended Complaint, Debtor made demand on Defendant for the accelerated Note balance on March 30, 2022, which establishes Debtor's claim for all monies due. Am. Complaint ¶ 15. Furthermore, a note assignee's standing is readily established in a variety of ways, *e.g.*, by establishing holder status under NY UCC Article 3 or by an assignment of the relevant note and contract rights from a prior party entitled to exercise those rights, for example pursuant to N.Y. UCC § 3-203 or § 3-301, or by applying common law principles as recognized within NY UCC § 1-103. Even when a plaintiff cannot produce an endorsed note, language indicating assignment of the note is sufficient to transfer the note and confer standing under New York law. *Wells Fargo Bank v. Walker*, 141 A.D.3d 986, (N.Y. App. Ct. 2016). Defendant's arguments and cited authority are thus unavailing in light of the sweeping assignment language of the Plan. *HSBC Bank USA, Nat'l Ass'n v. Herod*, 203 A.D.3d 805, 807 (N.Y. 2022).

Fourth, Defendant's attempt to conjure disputed material facts should be rejected. Defendant has not issued a single discovery request, nor a single subpoena, nor noticed a single deposition in this case. This remained true despite a second chance to do so following production of Plaintiff's Amended Initial Disclosures. There is no dispute that the note proceeds were distributed to Defendant, which is supported by Defendant's own admissions and written records. As for the facts surrounding the fraudulent transfer claims, Plaintiff's Amended Initial Disclosures contain auditor reports demonstrating that at the time Mr. Goldman purported to release Defendant there were "material doubts with regard to the continued existence of [Debtor] as a going concern in the near future" because "Debtor [had] not closed sales and refinancing transactions and has not repaid liabilities, the payable date of which has passed . . [which provided] grounds to call for immediate repayment of the full balance of the Debentures" by bondholders." As discussed above, Defendant has not engaged in **any** fact discovery, much less marshaled facts to rebut the records and testimony Plaintiff is confident will satisfy its burden on summary judgment. Nonetheless, summary judgment is useful here even if it may not dispose of this action entirely because narrowing the issues nonetheless serves the interests of judicial economy, regardless of whether this case is eventually the District Court.

CHAPMAN AND CUTLER LLP

By: _____
Eric S. Silvestri
Attorney for AYH Wind Down LLC

---

[1] Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited [Main Bankruptcy Case ECF No. 289] (the *"Plan"*).